UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SUNG EIK HONG, YONG M. KOO, JOON G. KIM, KEVIN K. LEE, YOON S. KIM, DONG IL LIM, and HUN MIN PARK, individually and on behalf all other employees similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>QUEST INTERNATIONAL LIMOUSINE, INC., MANGIL PARK, and JAMES PARK,<br><br>　　　　　　　　　Defendants. | Civil Case No. 1:19-cv-04336<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JAMES PARK'S MOTION FOR SUMMARY JUDGMENT** |

## PRELIMINARY STATEMENT

Defendant James Park submits this Memorandum of Law in support of its Motion for Summary Judgment.

## STATEMENT OF FACTS

Plaintiffs provided services as limousine drivers for clients of Quest International Limousine, Inc. ("Quest" or the "Company"). (Def.'s Ex. A, Compl. ¶¶ 6)[1] Plaintiffs assert various federal and state law wage and hour law claims against Defendants for allegedly unpaid minimum wage and overtime compensation, as well as related common law claims for supposedly unpaid wages, overtime, and gratuities. (Def.'s Ex. A, Compl. ¶¶ 2, 63, 69) The gravamen of all of Plaintiffs' claims is that Defendants Quest International Limousine, Inc., Mangil Park, and James Park all constitute employers of the Plaintiffs and are, therefore, all liable for the alleged federal and state law wage and hour law claims and for allegedly unpaid

---

[1] Exhibits to the Affirmation of Errol C. Deans, Jr. in Support of Defendant James Park's Motion for Summary Judgment are cited herein as "Def.'s Ex ___."

minimum wage and overtime compensation, as well as related common law claims for supposedly unpaid wages, overtime, and gratuities.

James Park, however, was not an employer of the Plaintiffs. James Park was and is employed by Quest as a dispatcher for the Company. (Def.'s Ex. B, Dep. Tr. of James Park at p. 6) His primary responsibilities at Quest are to answer the phone, answer emails, and handle invoices and statements. (Id.) James Park has no ownership interest in Quest. (Id.) James Park did not set the rates that Quest charged its customers, determine how much commission Quest would receive from a job, or decide how much drivers would be paid. (Id. at p. 17-18, 21, 23, 52-53) James Park has no involvement in the process of determining whether a potential driver would become affiliated with Quest. (Id. at 26) James Park has no supervisory responsibility at Quest whatsoever. (Id. at 73) For these reasons, James Park is not an employer of Plaintiffs and there is no record evidence to the contrary.

## LEGAL ARGUMENT

### I.  SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The movant can meet this burden by presenting

evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Celotex, 477 U.S. at 322-23. There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials negating the opponent's claim." Id. at 323.

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting Fed. R. Civ. P. 56(e)). The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings. Celotex, 477 U.S. at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

## II.  JAMES PARK IS NOT AN EMPLOYER.

Here, James Park is entitled to a judgment as a matter of law.  Plaintiffs' claims against James Park necessarily turn on whether he is an employer under the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 203(d), and New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 190(3), 651(6).

The Second Circuit "has treated employment for FLSA purposes as a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances" and has "identified different sets of relevant factors based on the factual challenges posed by particular cases." Barfield v. New York City, 537 F.3d 132, 141–42 (2d Cir. 2008). The Second Circuit has identified four factors to determine the "economic reality" of an employment relationship. Irizzary v. Catsimatidis, 722 F.3d 99, 104-05 (2d Cir. 2013). These factors are: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Id.[2]

In Irizarry, the Second Circuit also discussed when an individual within a company is personally liable for damages as a worker's "employer." In addition to applying the above four factors, the Court discussed other factors "bearing upon the 'overarching concern [of] whether the alleged employer possessed the power to control the workers in question.'" Id. at 105 (quoting Herman v. RSR Sec. Services, 172 F.3d 132, 139 (2d Cir. 1999)). The Court noted that many cases have found that individuals who have operational control of a company are employers. Some of the specific facts discussed by the Court in its review of the caselaw were whether the individual: (1) maintained financial control over the company; (2) exercised authority over the manager who supervised the employees, (3) hired employees, (4) kept apprised of operations of the company through periodic reports, (5) signed payroll checks, (6)

---

[2] New York courts consider the same factors when determining whether someone is an employer under NYLL. See, e.g., Bonito v. Avalon Partners, Inc., 106 A.D.3d 625, 967 N.Y.S.2d 19, 20 (1st Dep't 2013).

4

established the amounts that company clients would pay, and (7) represented himself to clients as a company principal with control over company operations.  Irizarry, 722 F.3d at 106.

      Here, there is no record evidence that James Park satisfies any of the factors considered by courts when determining whether an individual is an employer.  James Park is employed by Quest as a dispatcher. (Def.'s Ex. B, Dep. Tr. of James Park at p. 6)  He is not an owner or an officer of the Company. (Id.)  His primary responsibilities at Quest are to answer the phone, answer emails, and handle invoices and statements. (Id.)  James Park has no supervisory responsibility at Quest.  (Id. at 73)  James Park did not set the rates that Quest charged its customers, decide how much commission Quest would receive from a job, or determine how much drivers would be paid. (Id. at p. 17-18, 21, 23, 52-53)  James Park had no involvement in the process of deciding whether a potential driver would become affiliated with Quest. (Id. at 26)  James Park has no operational control over the Company.

      Because James Park does not satisfy any of the factors considered when determining whether an individual has operational control of a company, and therefore cannot be considered an employer under the FLSA and NYLL, he is entitled to judgment as a matter of law and, accordingly, his motion for summary judgment should be granted.

## **CONCLUSION**

WHEREFORE, in view of the foregoing, the Defendant James Park respectfully requests that the Court enter an order granting his motion for summary judgment.

Dated: October 7, 2020
       Fort Lee, New Jersey

BY:   */s/ Errol C. Deans, Jr.*
        Errol C. Deans, Jr., Esq.
        400 Kelby Street, 19th Floor
        Fort Lee, New Jersey 07024
        Phone: (201) 461-0031
        Fax:   (201) 461-0032
        *Attorneys for Defendants*